# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRZA FIFIC,<br><br>        Plaintiff,<br><br>  v.<br><br>AVENAL STATE PRISON, et al.,<br><br>        Defendants. | Case No. 1:13-cv-00885 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL<br><br>(Document 5) |

Plaintiff Mirza Fific ("Plaintiff") is proceeding pro se in this civil rights action. Plaintiff paid the filing fee and is therefore not proceeding in forma pauperis.

On September 9, 2013, Plaintiff filed a letter with the Court seeking legal representation.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Section 1915(e)(1) is applicable, however, only where the person is unable to afford counsel. Here, there is no indication that Plaintiff is unable to afford counsel. In fact, he has paid the filing fee.

In any event, the Court may only appoint counsel if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Moreover, there is no indication that Plaintiff cannot sufficiently articulate his claims.

Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **September 16, 2013**              /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE