# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRZA FIFIC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARTLEY, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-00885 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

　　　　Plaintiff Mirza Fific ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action on June 12, 2013. Plaintiff paid the filing fee and is not proceeding pro se.

　　　　On February 7, 2014, the Court screened his complaint and dismissed it with leave to amend. Plaintiff filed his First Amended Complaint ("FAC") on March 4, 2014. He names the California Department of Corrections and Rehabilitation, Avenal State Prison ("ASP"), Jasmine Biol, M.D., and Nancy L. Siegrist, P.A. as Defendants.[1]

**A.　LEGAL STANDARD**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] On June 26, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in Valley State Prison in Chowchilla, California. The events at issue occurred while Plaintiff was incarcerated at Avenal State Prison ("ASP") in Avenal, California.

The factual allegations in Plaintiff's FAC are very brief. He contends that Defendant Biol failed to test him for Valley Fever "for 3 months upon catching the infection." ECF No. 8, at 3. He alleges that this "improper medical procedure" caused the infection to spread into each of his lungs. ECF No. 8, at 3.

He further alleges, without factual support, that (1) the State of California violated the Eighth Amendment; (2) ASP was negligent in failing to maintain the premises in a safe and habitable condition; and (3) Defendant Siegrist was negligent in failing to properly examine and treat him.

**C.   ANALYSIS**

    1.   <u>CDCR and ASP</u>

Plaintiff again includes CDCR and ASP as Defendants. However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state. <u>Wolfson v. Brammer</u>, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," <u>Wolfson</u>, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); <u>Buckwalter v. Nevada Bd. of Medical Examiners</u>, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Thus, Plaintiff may not maintain a claim against CDCR or ASP, which is part of CDCR. Plaintiff was informed of this in the prior screening order, but failed to correct this deficiency.

    2.   <u>Linkage and Rule 8</u>

As explained above, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Iqbal</u>, 129 S.Ct. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

Similarly, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. <u>Id</u>.

With the exception of Defendant Biol, Plaintiff does not link any Defendants to any factual allegations. For example, although he states that Defendant Siegrist was negligent in her treatment, he does not provide any facts to support his contention. Legal conclusions, without more, are insufficient to state a plausible claim for relief.

In the prior screening order, the Court explained the pleading requirements, but he has failed to correct this deficiency as to all Defendants.

### 3. Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff again fails to provide sufficient factual allegations to demonstrate that any Defendant acted with deliberate indifference. Although he alleges that Defendant Biol failed to test him for Valley Fever, and that this resulted in an infection in both of his lungs, he does not explain the facts surrounding her alleged failures, i.e., *why* she failed to test him in a timely fashion.

Moreover, to the extent that Plaintiff alleges negligent care, negligence does not rise to the level of an Eighth Amendment violation. An Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff will be permitted **one final opportunity to amend**. In amending, he must provide additional facts about his medical care.

### D.     CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with a **final opportunity** to file an amended complaint in an attempt to cure the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **July 31, 2014**                          /s/ Dennis L. Beck
                                                      UNITED STATES MAGISTRATE JUDGE