# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRZA FIFIC, | Case No. 1:13-cv-00885 DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| HARTLEY, et al., | |
| Defendants. | |

Plaintiff Mirza Fific ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action on June 12, 2013. Plaintiff paid the filing fee and is not proceeding in forma pauperis.[1]

On February 7, 2014, the Court screened his complaint and dismissed it with leave to amend. Plaintiff filed his First Amended Complaint ("FAC") on March 4, 2014.

On July 31, 2014, the Court screened Plaintiff's FAC and dismissed it with leave to amend. The Court stated that this would be Plaintiff's final opportunity to amend and instructed him to file an amended complaint within thirty (30) days.

After the time for filing an amended complaint passed, the Court issued an order to show cause why the action should not be dismissed on September 12, 2014.

On September 29, 2014, the order was returned by the United States Postal Service as "undeliverable, unable to forward."

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 26, 2013.

1

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available. See Carey, 856 F.2d at 1441.

Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:   **December 13, 2014**        /s/ Dennis L. Beck
                              UNITED STATES MAGISTRATE JUDGE